IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHEASTERN SYNOD OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN R. FINNEY, et al., <br><br> Defendants. | NO. 3:25-cv-00684 <br><br> JUDGE CAMPBELL |

**ORDER**

Before the Court is Plaintiffs' motion to expedite consideration of their motion for preliminary injunction. (Doc. No. 12). Through the motion, Plaintiffs' request the Court set an expedited briefing schedule directing Defendants to file a response to the motion for preliminary injunction on or before Friday, June 27, 2025, and Plaintiffs to file a reply by Saturday, June 28, 2025. Plaintiffs request the court issue a ruling before Monday, June 30, 2025. In the alternative, Plaintiffs request the Court set the most expeditious briefing schedule the Court deems appropriate and rule on the motion as soon as practicable.

Plaintiffs bring a constitutional challenge to Section 5 of Tennessee Senate Bill 392, which was signed into law by Governor Bill Lee on May 9, 2025, and scheduled to go into effect on July 1, 2026.[1] The named defendants are Tennessee's 32 district attorneys general in their official capacities. It appears that the defendants have not yet been formally served. However, Plaintiffs

---

[1] Plaintiffs' Motion and Complaint state that Tennessee Senate Bill 392 was signed by Governor Lee on May 27, 2025. (*See* Complaint, Doc. No. 1 ¶ 1; Motion, Doc. No. 12 at 2). This date appears to be incorrect. The Bill itself indicates it was signed by Governor Lee on May 9, 2025. (*See* SB 392, Doc. No. 1-1; *see also*, https://wapp.capitol.tn.gov/apps/BillInfo/Default.aspx?BillNumber=SB0392).

state that they provided notice of the complaint and motion for preliminary injunction to the Office of the Tennessee Attorney General.

The Court appreciates that the challenged law is scheduled to go into effect on July 1, 2025. But the "emergency" nature of the instant motion and need for expediated briefing and ruling is entirely a product of Plaintiffs' delay in initiating this lawsuit. Although the Court intends to issue a ruling as soon as practicable, at this juncture, the Court is not persuaded that expedited briefing on the truncated timeline proposed by Plaintiffs is warranted. Accordingly, the motion to expedite (Doc. No. 12) is **DENIED**.

The Court will consider a renewed motion after Defendants have been served and the parties have attempted to reach agreement on a briefing schedule.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE