> **ORDER:** The motion (Doc. No. 32) is GRANTED.
>
> /s/ William L. Campbell, Jr.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SOUTHEASTERN SYNOD OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>STEVEN R. FINNEY, *et al.*,<br><br>    *Defendants*. | Case No. 3:25-cv-684<br>The Hon. William L. Campbell, Jr.<br><br>**MOTION OF AMICI CURIAE 21 STATES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

### UNOPPOSED MOTION BY THE STATE OF IOWA AND 15 OTHER STATES FOR <u>LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS</u>

The States of Iowa, Alabama, Arkansas, Alaska, Florida, Georgia, Idaho, Indiana, Kansas, Oklahoma, Ohio, Louisiana, Missouri, Montana, Nebraska, North Dakota, South Carolina, South Dakota, Texas, Virginia, and West Virginia respectfully move for leave to submit the attached *amicus curiae* brief in support of Defendants. Proposed *amici* are States with a vested interest in the cooperative federalist framework embraced in immigration law. Every State is a border state—and if States seek to enforce immigration law that does not otherwise conflict with federal law,

they should be able to do so.

Federal district courts possess the inherent authority to accept amicus briefs. *Tiger Lily LLC v. United States Dep't of Hous. & Urb. Dev.*, 2020 WL 7658076, at *3 (W.D. Tenn. Oct. 21, 2020). The role of an *amicus curiae* is "to present its claimed unique perspective to the Court without the complications associated with adding additional parties to the litigation." *Id.* Indeed, federal district courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005).

No Federal Rule or statute dictates how district judges decide petitions to appear as *amicus curiae*. But most courts "look to the Federal Rules of Appellate Procedure for guidance on permitting amicus briefs." *Friends of Animals v. United States Fish & Wildlife Serv.*, 2021 WL 4440347, at *1 (D. Utah 2021). The Federal Rules of Appellate Procedure allow a State to file an amicus brief "without the consent of the parties or leave of court." Fed. R. App. P. 29(a)(2). That rule reveals a strong policy preference for allowing States to provide their perspective and represent their interests.

Defendant consents to this motion. Plaintiffs do not oppose this motion.

Because of the States's important role in our Constitutional order in our federalist system, the States have a unique perspective "that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). This Court would benefit from following the guidance of the Federal Rules of Appellate Procedure and granting the motion.

## CONCLUSION

For the above reasons, the State of Iowa and 20 other States request the Court's leave to file an *amicus curiae* brief supporting Defendants.

Dated: July 14, 2025

Respectfully submitted,

BRENNA BIRD
*Attorney General of Iowa*
Eric H. Wessan
*Solicitor General*
Office of the Attorney General
305 E Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 823-9117
eric.wessan@ag.iowa.gov

*/s/ Cameron T. Norris*
Cameron T. Norris (TN Bar #33467)
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
703-243-9423
cam@consovoymccarthy.com

*Counsel for Amicus Curiae State of Iowa*

## CERTIFICATE OF SERVICE

I certify that on July 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants. Any other counsel of record will receive the foregoing via email in PDF format.

*/s/ Cameron T. Norris*
