IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SOUTHEASTERN SYNOD OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN R. FINNEY *et al.*,<br><br>Defendants. | Case No.: 3:25-cv-684 |

**NOTICE REGARDING ATTORNEY GENERAL OPINIONS**

Plaintiffs respectfully submit this notice in response to a question that the Court asked at the preliminary-injunction hearing on September 10, 2025, regarding advisory opinions issued by the Tennessee Attorney General. At the hearing, the Court noted that the Tennessee Attorney General has a practice of issuing written legal opinions when requested by certain state officials. Dkt. 57 at 84-85. The Court asked whether Plaintiffs would consider requesting an Attorney General opinion interpreting the scope of Section 5 of Senate Bill 392, as a potential means of giving Plaintiffs "peace of mind" about the meaning of the challenged law during the pendency of the case. *Id.* at 85.

Following the hearing, Plaintiffs investigated the option of requesting an Attorney General opinion interpreting Section 5, but they were advised that the Attorney General's official policy is to not issue opinions on questions that are subject to pending litigation. Tennessee law directs the Attorney General "[t]o give the governor, secretary of state, state treasurer, comptroller of the

1

treasury, members of the general assembly and other state officials, when called upon, written legal opinions on all matters submitted by them in the discharge of their official duties." Tenn. Code Ann. § 8-6-109(b)(6). Plaintiffs contacted a member of the general assembly about the possibility of requesting an Attorney General opinion on the scope of Section 5, but the member indicated that the Attorney General's policy is to not issue opinions when the matter is subject to anticipated or pending litigation. Plaintiffs also contacted Tennessee Solicitor General Matt Rice, who confirmed that understanding. He explained that the Attorney General's standard practice is to deny opinion requests where the issue is implicated in active or threatened litigation because answering in those scenarios would extend beyond the scope of the Attorney General's statutory mandate and invade the province of the judiciary.

Because requesting an Attorney General opinion is not a viable alternative avenue for obtaining relief, Plaintiffs reiterate their request for a preliminary injunction.

Respectfully submitted this 30th day of September, 2025.

| | |
|---|---|
| Michelle Lapointe* <br> Suchita Mathur* <br> Chris Opila* <br> AMERICAN IMMIGRATION COUNCIL <br> PMB2026 <br> 2001 L Street NW, Suite 500 <br> Washington, DC 20036 <br> Phone: (202) 507-7523 <br> Fax: (202) 742-5619 <br> mlapointe@immcouncil.org <br> smathur@immcouncil.org <br> copila@immcouncil.org | */s/ William Powell* <br> William Powell* <br> Elizabeth Cruikshank* <br> Rupa Bhattacharyya* <br> INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION <br> Georgetown University Law Center <br> 600 New Jersey Ave., N.W. <br> Washington, D.C. 20001 <br> Phone: (202) 661-6629 <br> Fax: (202) 661-6730 <br> whp25@georgetown.edu <br> erc56@georgetown.edu <br> rb1796@georgetown.edu <br> <br> Michael C. Holley <br> Spring Miller <br> TENNESSEE IMMIGRANT & REFUGEE RIGHTS COALITION <br> 3310 Ezell Road <br> Nashville, TN 37211 <br> Phone: (615) 457-4768 <br> mike@tnimmigrant.org <br> spring@tnimmigrant.org <br> <br> *Attorneys for Plaintiffs* <br> *\*Admitted pro hac vice* |

## CERTIFICATE OF SERVICE

I hereby certify that, on September 30, 2025, I electronically filed the foregoing notice with the Clerk of the Court via the Court's electronic case filing system.

>  */s/ William Powell*
> William Powell